# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA GREEN, | Case No. 1:26-cv-03441-KES-SAB |
| Plaintiff, | ORDER STRIKING COMPLAINT |
| v. | ORDER REQUIRING PLAINTIFF TO FILE LONG FORM APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES |
| UNITED STATES SOCIAL SECURITY ADMINISTRATION, et al., | |
| Defendants. | ORDER DENYING MOTION TO E-FILE |
| | ORDER DENYING MOTION TO APPOINT REPRESENTATIVE |
| | (ECF Nos. 1, 2, 3, 5) |
| | **THIRTY-DAY DEADLINE** |

In this matter, Plaintiff Rebecca Green is proceeding *pro se*. Before the Court is Plaintiff's application to proceed *in forma pauperis*, motion to e-file, and motion to appoint representative and/or counsel. (ECF Nos. 2, 3, 5.) In addition, the Court has reviewed the complaint, and it appears that it was not signed by Plaintiff herself. (ECF No. 1.)

To begin with, Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party *personally* if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). Accordingly, the Court will strike the complaint (ECF No. 1) with leave for Plaintiff to refile the complaint with a signature from Plaintiff personally.

Next, Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  However, the Court cannot determine from the information provided in the application whether Plaintiff is entitled to proceed in this action without prepayment of fees.  Therefore, Plaintiff shall complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239.  The Court advises Plaintiff to fill out the form to the best of her ability, answering only the questions presented on the form.  If Plaintiff is unwilling to complete and submit the long form application, Plaintiff must pay the filing fee in full.

Turning to Plaintiff's motion to e-file, the Court has reviewed the request and finds that allowing e-filing is not appropriate in this case.  Therefore, the motion will be denied.  Plaintiff shall file and serve paper documents as required by applicable Federal Rules of Civil Procedure or by the Local Rules.  See L.R. 133(a), (b)(2).

Finally, the Court addresses Plaintiff's "designation of counsel" listing "non-attorney representative" Nicoluis Wilson.  (ECF No. 5.)  The Court construes this as a motion to appoint a representative and/or counsel.  Nicoluis Wilson is not an attorney, and therefore, he may not represent Plaintiff in federal court.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").  Therefore, the Court must deny the motion.  (ECF No. 5.)

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint (ECF No. 1) is STRICKEN with leave to refile, within **thirty (30) days**, a properly verified (*i.e.*, signed) complaint;

2. The Clerk of the Court is directed to forward an *in forma pauperis* application (Long Form) to Plaintiff;

3. Within **thirty (30) days** of the date of this order, Plaintiff shall either (1) pay the $405.00 filing fee for this action, or (2) file a long form application to proceed *in forma pauperis* without prepayment of the fee;

4. The motion to e-file (ECF No. 3.) is DENIED;

5.    The motion to appoint a representative and/or counsel (ECF No. 5) is DENIED; and

6.    **<u>Failure to comply with any aspect of this order will result in a recommendation to the assigned district judge that this case be dismissed.</u>**

IT IS SO ORDERED.

Dated:   **May 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3