# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES SOCIAL SECURITY ADMINISTRATION, et al.,<br><br>    Defendants. | Case No. 1:26-cv-03441-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO PAY FILING FEE<br><br>(ECF No. 6)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**BACKGROUND**

Plaintiff Rebecca Green, who is proceeding *pro se*, initiated this action on May 4, 2026. (ECF No. 1.)  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  Upon review of the application, the Court issued an order on May 6, 2026, stating that it could not determine from the information provided whether Plaintiff is entitled to proceed in this action without prepayment of fees.  (ECF No. 6.)  Plaintiff was ordered to either submit a long form application to proceed *in forma pauperis* or, in the alternative, pay the filing fee within thirty (30) days of entry of the order.  (ECF No. 6.)  Additionally, the Court observed that the complaint was not

signed by Plaintiff, but rather a "non-attorney representative." (Id.)  The Court struck the complaint with leave to refile a properly verified complaint within thirty (30) days. (Id.)  More than thirty days have passed and Plaintiff has not filed the application, paid the filing fee, nor filed a properly verified complaint.

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles Cty., 216 F.3d 837, 841 (9th Cir. 2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1226.

In this instance the public's interest in expeditious resolution of the litigation and the

Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff has neither filed the long form application to proceed *in forma pauperis*, paid the filing fee, nor filed a properly verified complaint.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Malone, 833 at 132-33. The Court's May 6, 2026 order expressly stated: "**Failure to comply with any aspect of this order will result in a recommendation to the assigned district judge that this case be dismissed.**" (ECF No. 6, p. 3) (emphasis in original).  Thus, Plaintiff had adequate warning that dismissal of this action would result from noncompliance with the Court's order.  Plaintiff may, however, still file the long form application to proceed *in forma pauperis* as well as the properly verified complaint during the objection period, and the Court will consider those filings.

## III.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED without prejudice, for failure to pay the filing fee or file the long form application to proceed *in forma pauperis*, failure to file a properly verified complaint, failure to abide by the Court's order, and failure to prosecute.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court, limited to 15 pages in length, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the undersigned's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4